# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR09-3027 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| SHAY EVERETT CARPENTER, | |
| Defendant. | |

———————————

On the 25th day of June, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Marti S. Sleister. The Defendant appeared personally and was represented by his attorney, Anne M. Laverty.

### RELEVANT FACTS

On June 18, 2009, Defendant Shay Everett Carpenter was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on August 24, 2009.

Cerro Gordo County Deputy Sheriff Matt Klunder, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charge. According to Deputy Klunder, Carpenter was investigated in conjunction with a conspiracy to distribute methamphetamine, and admitted selling up to one-half pound of "ice meth." Klunder testified that he was told by a person last week that the person had purchased methamphetamine from Carpenter on 50 to 100 occasions. In addition, text messages obtained from Carpenter's cell phone suggest the sale of controlled

substances. A search of Carpenter's home revealed a small amount of methamphetamine, consistent with personal use.

According to the pretrial services report, Defendant is 29 years old, married, and has three children. Defendant is currently living at the Beje Clark Residential Center in Mason City as a consequence of having violated his state court probation. For the last three weeks, Defendant has been employed at Kraft Foods as a "line worker." Prior to that, Defendant worked for approximately one year as a concrete finisher.

Defendant does not have any significant physical health problems. Defendant suffers from depression and anxiety, however, and is currently prescribed Paxil and Trazodone.

Defendant told the pretrial services officer that he used marijuana on a daily basis as a teenager, but last used marijuana five or six years ago. Defendant first used methamphetamine at age 17 and gradually used it more and more frequently, eventually using it "on an almost daily basis." Defendant indicated that he last used methamphetamine in February 2009. Defendant participated in substance abuse treatment in 1998, 2004, and 2006. The last two treatment programs occurred while Defendant was in prison.

Defendant has an extensive criminal record and has gone to prison twice on three separate cases. In July 1998, Defendant was charged with criminal mischief in the first degree. After pleading guilty to criminal mischief in the second degree, Defendant received a deferred judgment in April 1999. Defendant violated his probation, however, and was found in contempt of court. After violating his probation a second time, his deferred judgment was revoked and a five-year suspended prison term was imposed, with a condition of probation being that Defendant reside at a residential facility. Defendant was again unsuccessful on probation, however, and in March 2004 his probation was revoked and he was sent to prison. Defendant was paroled in March 2005.

Meanwhile, in March 1999, while the criminal mischief charge was pending, Defendant was arrested for operating while intoxicated. Defendant failed to appear at a

plea hearing in August 1999 and a warrant was issued for his arrest. Defendant apparently appeared two days later and was sentenced to two days in jail and a $1,000 fine, with $500 suspended. Also in 1999, while he was on probation on the criminal mischief charge, Defendant was charged and later pleaded guilty to driving while license denied or revoked, interference with official acts, and possession of alcohol under age. (It was apparently these charges which resulted in Defendant being found in contempt of court for the criminal mischief probation.)

In August 2002, Defendant was arrested for operating while intoxicated, second offense. In November 2002, while the earlier OWI charge was pending, Defendant was arrested again for operating while intoxicated, second offense. Defendant ultimately pleaded guilty to both charges. In May 2005, Defendant was arrested a fourth time for operating while intoxicated and charged with OWI, third offense. In February 2006, Defendant was given a five-year prison term. He was paroled in June 2007.

Meanwhile, in October 2003, after Defendant's deferred judgment was revoked on the criminal mischief charge and he had been given a suspended five-year prison term, Defendant was charged with domestic abuse assault with intent or displaying of a weapon. Defendant was sentenced to 60 days in jail in May 2004, shortly after he was sentenced to prison in the criminal mischief case. After Defendant was charged with driving while barred in June 2006, he failed to appear for arraignment and a warrant was issued for his arrest. Defendant was subsequently given a ten-day jail term.

Defendant was also charged in July 2006 with burglary in the third degree. In January 2008 he received a suspended five-year prison term. On May 8, 2009, however, Defendant was found in violation of his probation and ordered to reside at the BeJe Clark Residential Facility in Mason City. Defendant was also charged in July 2006 with attempted burglary in the third degree, and he received a two-year prison term on May 21, 2007. That prison term was apparently served concurrently with the prison term imposed on the OWI, third offense charge.

3

Most recently, Defendant was charged on January 27, 2009 with driving while barred. Defendant failed to appear for arraignment on March 23, 2009 and a warrant was issued for his arrest. Defendant apparently pleaded guilty on March 26, 2009 and was sentenced to 14 days in jail.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine. While the Court heard only an abbreviated version of the facts, the evidence against Defendant would appear to be substantial. Deputy Klunder testified regarding text messages on Defendant's cell phone relating to the sale of drugs, and Defendant allegedly admitted his involvement in the sale of drugs. A witness will

apparently testify that he purchased drugs from Defendant on numerous occasions. Defendant has a long history of drug and alcohol abuse, despite multiple drug treatment programs. Defendant admits using methamphetamine as recently as February. Defendant has a long criminal record, including two stints in prison. Defendant has repeatedly failed to comply with conditions of probation or parole. Defendant was on both probation and parole during a portion of the time during which the instant conspiracy allegedly occurred. The Court has no confidence that Defendant would likely abide by the terms and conditions of any release.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of

his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1.     The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3.     On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     The time from the Government's oral motion to detain (June 23, 2009) to the filing of this Ruling (June 29, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 29th day of June, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA